# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF GEORGIA
# VALDOSTA DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | : | |
| | : | |
| v. | : | Criminal Action No. |
| | : | 7:05-CR-12 (HL) |
| ANDREW WRIGHT, | : | |
| Defendant. | : | |

# ORDER

Before the Court are Defendant's Motion to Dismiss Count One (Doc. 23) and Defendant's Motion to Dismiss Counts Eight and Nine (Doc. 24), in which Defendant argues that the indictment is not sufficient to state a violation of 18 U.S.C. § 545 or 18 U.S.C. § 1001. For reasons set forth below, Defendant's motions are both denied.

**I. FACTS**

Defendant Andrew Wright was indicted on nine separate counts connected with the allegedly illegal importation of motor vehicles into the United States and the subsequent sale of those vehicles. Count One alleges a violation of 18 U.S.C. § 545; Counts Eight and Nine allege violations of 18 U.S.C. § 1001.

Count One of the indictment provides,

> Andrew Wright, . . . fraudulently and knowingly imported and brought into the United States any merchandise contrary to law, and received, concealed, bought, sold and in any manner facilitated the transportation, concealment and sale of such merchandise after importation, knowing the same to have been imported and brought into the United States

contrary to law: To wit, WRIGHT imported two 2000 MV Agusta ORO motorcycles, . . . which were not originally manufactured to comply with, or modified to, United States safety and emission standards.

Counts Eight and Nine of the indictment allege Defendant used a writing containing a false statement in the sale of the two motorcycles. The indictment provides,

> Between on or about July 1, 2000, and on or about July 24, 2000, defendant WRIGHT, in a matter within the jurisdiction of the executive branch of the government of the United States, knowingly and willfully made and used any false writing and document knowing the same to contain any materially false, fictitious and fraudulent statement and entry: to wit, [o]n or about the dates set forth in the grid below the defendant made false statements as described, each numbered item being a separate false statement and a separate count of the indictment.

A grid then lays out two counts alleging that Defendant asserted on an importer's statement that the vehicle would not be used on the streets, yet sold the vehicle to the public. Count Eight involved a motorcycle sold to George DeCamp, and Count Nine involved a motorcycle sold to Ulysses Knotts.

## II. ANALYSIS

A. Count One

Defendant asserts that vehicles, not manufactured or modified to meet applicable standards, can legally be imported into the United States and later modified to meet those standards. Accordingly, Defendant argues that the indictment is insufficient to support a violation of 18 U.S.C. § 545 because the indictment only charges that the vehicles imported did not conform to safety and emission standards.

To conform with the Constitution, an indictment must inform a defendant of the

charges against him with enough specificity to allow a defendant to mount a defense and prevent future prosecution for the same offense. Hamling v. United States, 418 U.S. 87, 117, 94 S.Ct. 2887, 2907 (1974). This requirement is satisfied if an indictment "tracks the wording of the statute, as long as the language sets forth the essential elements of the crime." United States v. Yonn, 702 F.2d 1341, 1348 (11th Cir. 1983) (citing Hamling, 418 U.S. at 117, 94 S.Ct. at 2907). The applicable portion of 18 U.S.C. § 545 sets out the elements necessary to establish the offense of smuggling:

> Whoever fraudulently or knowingly imports or brings into the United States, any merchandise contrary to law, or receives, conceals, buys, sells, or any manner facilitates the transportation, concealment, or sale such merchandise after importation, knowing the same to have been imported or brought into the United States contrary to law . . .

18 U.S.C. § 545 (2000).

Here, the language of the indictment clearly follows the wording of the statute. The indictment also describes the specific incident for which Defendant is being charge. According to Yonn and Hamling, this is sufficient. Accordingly, the indictment is sufficient with respect to Count One to establish a violation of 18 U.S.C. § 545.

B. Counts Eight and Nine

Defendant asserts that to sustain a conviction under 18 U.S.C. § 1001, the alleged false statement must be a statement of fact.[1] Accordingly, Defendant argues that the

---

[1] Defendant does not offer any authority for the proposition that a false statement must be a statement of fact. Defendant cites three cases holding that one of the five elements to sustain a conviction of 18 U.S.C. § 1001 is a statement. Defendant then argues that because Blacks Law Dictionary defines statement as a "declaration of matters of fact" that any statement used to establish

3

indictment is insufficient to establish a violation of 18 U.S.C. § 1001 because the false statements alleged in Counts Eight and Nine of the indictment are not statements of fact. Defendant asserts the statements are merely statements of perspective intention.

Again, according to <u>Yonn</u> and <u>Hamling</u>, an indictment is sufficient if it tracks the wording of the statute, provided the statute established the elements of the crime. 702 F.2d at 1348; 418 U.S. at 117, 94 S.Ct. at 2907. The language of 18 U.S.C. § 1001 sets forth the elements of the offense:

> Except as otherwise provided in this section, whoever, in any matter within the jurisdiction of the executive, legislative, or judicial branch of the Government of the United States, knowingly and willfully--
> (1) falsifies, conceals, or covers up by any trick, scheme, or device a material fact;
> (2) makes any materially false, fictitious, or fraudulent statement or representation; or
> (3) makes or uses any false writing or document knowing the same to contain any materially false, fictitious, or fraudulent statement or entry:

18 U.S.C. § 1001 (2000).

Here, the language of the indictment specifically tracks, almost word for word, the language of the statute. The indictment further provides specific reference to the exact statements for which Defendant is charged. Again according to <u>Yonn</u> and <u>Hamling</u>, this is sufficient. Accordingly, the indictment is also sufficient with respect to Counts Eight and Nine.

**III. CONCLUSION**

---

a violation of 18 U.S.C. § 1001 must be a statement of fact.

For the reasons explained above, Defendant's Motion to Dismiss Count One (Doc. 23) and Defendant's Motion to Dismiss Counts Eight and Nine (Doc. 24) are denied.

**SO ORDERED**, this the 20th day of October, 2005.

<u>**/s/   Hugh Lawson**</u>
**HUGH LAWSON, Judge**

scs