IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
VALDOSTA DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | : | |
| | : | |
| v. | : | Criminal Action No. |
| | : | 7:05-CR-12 (HL) |
| ANDREW WRIGHT, | : | |
| | : | |
| Defendant. | : | |

## ORDER

Before the Court is Defendant's Motion for Judgment of Acquittal (Doc. 59), in which Defendant argues that the indictment is not sufficient to state a violation of 18 U.S.C. § 545. For reasons set forth below, Defendant's Motion for Judgment of Acquittal is denied.

**I. FACTS**

Defendant Andrew Wright was indicted on nine separate counts connected with the allegedly illegal importation of motor vehicles into the United States and the subsequent sale of those vehicles. The indictment contains ten introductory paragraphs which contain general background information as well as brief explanations of several statutes and regulations. Paragraphs four through eight are as follows:

> 4. Regulations issued by the National Highway Traffic Safety Administration ("NHTSA") of the United States Department of Transportation ("DOT"), 49 C.F.R. Parts 501-596, require motor vehicles which were manufactured after January 1, 1968, and imported into the United States, to :
> (a) conform to the federal motor vehicle safety standards embodied in those regulations; and,

> (b) comply with the requirements set forth in Chapter 301, Motor Vehicle Safety, 49 U.S.C. § 30101 et seq., unless otherwise exempt. Title 49, C.F.R., Section 30112 requires that all nonconforming motor vehicles imported into the United States be conformed to federal safety standards prior to their being sold, offered for sale, introduced or delivered for introduction in interstate commerce.
>
> 5. As outlined in 49 C.F.R. § 592.5, a Registered Importer ("RI") is a person or company who is registered with DOT as an importer of vehicles which were not originally manufactured to conform to all applicable federal motor vehicle standards. WRIGHT was registered with the DOT as an RI.
>
> 6. NHTSA Form HS-7, "Importation of Motor Vehicles and Motor Vehicle Equipment Subject to Federal Motor Vehicle Safety, Bumper and Theft Prevention Standards," is required to be filed with United States Customs and Border Protection ("Customs") when a motor vehicle is imported into the United States.
>
> 7. Regulations issued by the United States Environmental Protection Agency ("EPA"), 40 C.F.R. Parts 85 and 86, required motor vehicles which were manufactured after January 1, 1968, and imported into the United States to:
> (a) comply with certification requirements established by the Clean Air Act, 42 U.S.C. § 7401, et seq.; and
> (b) meet emission requirements prescribed in said regulations, unless otherwise exempt.
>
> 8. All non-conforming motor vehicles imported into the United States were required to be imported by an Independent Commercial Importer ("ICI") who was authorized by EPA to conform such motor vehicles, unless otherwise exempt. 40 C.F.R. § 85.1503.

Wright Indictment ¶¶ 4-8. The introductory paragraphs also allege that Defendant was never an ICI and that Defendant held himself out as one who could modify motorcycles so that the motorcycles could be legally driven on public roads in the United States. See Wright Indictment ¶ 9, ¶ 10.

Count One, which alleges a violation of 18 U.S.C. § 545, specifically incorporates the introductory paragraphs and further provides,

> Andrew Wright, . . . fraudulently and knowingly imported and brought into the United States any merchandise contrary to law, and received, concealed, bought, sold and in any manner facilitated the transportation, concealment and sale of such merchandise after importation, knowing the same to have been imported and brought into the United States contrary to law: To wit, WRIGHT imported two 2000 MV Agusta ORO motorcycles, . . . which were not originally manufactured to comply with, or modified to, United States safety and emission standards.

On July 14, 2005, Defendant filed a Motion to Dismiss Count One arguing that because vehicles, not manufactured or modified to meet applicable standards, can legally be imported into the United States and later modified to meet those standards and the indictment only charges that Defendant imported vehicles that did not conform to safety and emission standards, that the indictment was insufficient to support a violation of 18 U.S.C. § 545. In an October 20, 2005 Order, the Court denied Defendant's motion as the language of the indictment tracked the wording of the statute and described the specific acts for which the Defendant was being charged.

At trial, Defendant also made a Motion for Directed Verdict as to Count One at the end of the Government's case and a Motion for Judgment of Acquittal as to Count One at the close of all evidence. Both motions were denied; however, after hearing further argument the Court rescinded its ruling on Defendant's Motion for Judgment of Acquittal as to Count One and requested the partes to submit written briefs on the issue. Both parties have done so.

## II. ANALYSIS

In addition to the arguments set forth in Defendant's prior Motion to Dismiss Count One, Defendant also argues that the indictment is insufficient because the indictment does not allege what federal statute was violated nor provides what act was done contrary to what law. Defendant cites United States v. Babb, 218 F.2d 538 (5th Cir. 1955)[1], as authority.

In Babb, a defendant was convicted of smuggling Charolais cattle into the United States under 18 U.S.C. § 545. Id. at 539. On appeal, Babb argued that the indictment was insufficient. Id. The indictment in the case provided the following:

> That on or about March 19, 1953, within the Austin Division of the Western District of Texas, . . . , William A. Babb . . . knowingly, willfully and fraudulently concealed, transported, and facilitated the transportation of certain merchandise, to wit approximately eight (8) head of Charolaise Cattle, after importation, each knowing the same to have been imported and brought into the United States contrary to law.

Id. Babb argued that the indictment is faulty because the indictment did not allege what law was violated when the cattle were imported. Id. The United States Court of Appeals for the Fifth Circuit held that the indictment was insufficient because it failed to allege "some fact or facts showing that the cattle in question were imported or brought in contrary to some law." Id. at 541. According to the court, it was not enough to allege that the cattle were imported "contrary to law" because the term "contrary to law" clearly referred to legal

---

[1] Decisions of the United States Court of Appeals for the Fifth Circuit handed down prior to September 30, 1981 are binding precedent in the Eleventh Circuit. Bonner v. City of Pritchard, 661 F.2d 1206, 1207 (11th Cir. 1981).

provisions found in other laws. Id. at 540.

Although the indictment in this case does allege that Defendant imported two vehicles "contrary to law," the indictment also cites several specific laws and regulations of which Defendant is accused of violating by importing the vehicles into the country. See Wright Indictment ¶¶ 4-8 (reproduced above). The indictment provides that it is illegal to import vehicles into the country without complying with 49 C.F.R. Parts 501-596, 49 U.S.C. § 30101 et seq., 40 C.F.R. Parts 85 and 86, and 42 U.S.C. § 7401, et seq. . Thus, this indictment actually contains the information the Babb court noted was necessary for a sufficient indictment. Accordingly, under the standard set forth in Babb the indictment in this case is sufficient. Therefore, Defendant's Motion for Judgment of Acquittal is denied.

**SO ORDERED**, this the 7th day of June, 2006.

/s/ Hugh Lawson
**HUGH LAWSON, Judge**

scs